United States District Court
Southern District of Texas
**ENTERED**
May 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODNEY E. BURNETT, §<br>TDCJ #02007578 §<br>　　　　　　　　　　 §<br>　　Petitioner, §<br>　　　　　　　　　　 §<br>v. §<br>　　　　　　　　　　 §<br>BOBBY LUMPKIN, §<br>　　　　　　　　　　 §<br>　　Respondent. § | CIVIL ACTION NO. H-22-1925 |

**MEMORANDUM OPINION AND ORDER**

Rodney E. Burnett, a Texas state inmate representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent, Bobby Lumpkin, answered with a motion for summary judgment, arguing that the petition is barred by the governing one-year statute of limitations. (Docket Entry No. 12). Burnett has not responded to the motion for summary judgment, and the deadline to do so has expired. For the reasons explained below, the motion for summary judgment is granted. Final judgment is entered by separate order.

**I.    Background**

In June 2015, the 180th District Court in Harris County sentenced Burnett to life in prison following his conviction for aggravated robbery with a deadly weapon in Cause No. 1416217. (Docket Entry No. 11-22 at 75–76). The Texas First Court of Appeals affirmed Burnett's conviction and sentence on May 12, 2016. *See Burnett v. State*, No. 01-15-533-CR, 2016 WL 2848374 (Tex. App.—Houston [1st Dist.] May 12, 2016, pet ref.); (Docket Entry No. 11-3). Burnett's petition for discretionary review was refused by the Texas Court of Criminal Appeals on November 2, 2016. (Docket Entry No. 11-13).

Burnett filed a state application for a writ of habeas corpus on March 1, 2021. (Docket Entry No. 11-24 at 21). The Court of Criminal Appeals denied his state application without written order on July 14, 2021. (Docket Entry No. 11-23).

Burnett filed his petition for a federal writ of habeas corpus on June 3, 2022. (Docket Entry No. 1 at 10). He argues that both his trial attorney and appellate attorney rendered ineffective assistance. (See Docket Entry Nos. 1, 2). The respondent has answered by filing a motion for summary judgment, arguing that Burnett's federal § 2254 petition is time-barred. Burnett has not responded.

## II.     Discussion

### A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation within which a state prisoner may file a petition challenging a sentence under 28 U.S.C. § 2254. In most cases, the one-year period of limitations runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[1] 28 U.S.C. § 2244(d)(1)(A).

---

[1] The full text of the AEDPA limitations provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Burnett filed a direct appeal of his conviction and sentence. The direct appeal was pending until May 12, 2016, when the First Court of Appeals affirmed the judgment of the trial court. Burnett then turned to the Texas Court of Criminal Appeals, which refused his petition for discretionary review on November 2, 2016. Burnett's conviction became final on January 31, 2017, when the time for seeking further review in the United States Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citations omitted) ("[T]he 'conclusion of direct review' is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review[,]'. . . [which] includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort."). The deadline for Burnett to file a timely federal habeas petition challenging his state court conviction was one year later, on January 31, 2018. Burnett's current federal petition, filed on June 3, 2022, is time-barred unless he shows that a statutory or equitable exception applies.

B.   **Statutory Tolling**

The one-year limitations period is extended during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending[.]" 28 U.S.C. § 2244(d)(2). Burnett filed a state habeas application on March 1, 2021. Burnett's state application did not extend the AEDPA limitations deadline, however, because the application was filed more than three years after the deadline had expired. *Scott v.*

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

3

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original) (holding that the petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired"). Extension under the statute does not apply.

### C. Equitable Tolling

In some instances, equitable factors can extend the limitations period. This is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (explaining that equitable tolling applies only "in rare and exceptional circumstances"). A "[habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Neither lack of knowledge of the law or filing deadlines nor layman status excuses delay. *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

In the portion of the form § 2254 petition that addresses filing after the deadline, Burnett argues that he is entitled to equitable tolling because he has been pursuing "his rights [] reasonably and diligently" and that "some rare or extraordinary circumstances" stood in his way and prevented

timely filing.  (Docket Entry No. 1 at 9).  In the memorandum accompanying his § 2254 petition, Burnett alleges that "an objective factor impeded raising my timely filing of a petition for writ of habeas corpus – 28 U.S.S. § 2254 in this case[.]"  (Docket Entry No. 2 at 1).  Burnett has not alleged or pointed to any facts that support that equitable tolling is warranted here.

Burnett drew a circle around § 2244(d)(1)(B) on his form petition.  It appears that by circling this section, Burnett is arguing that the statute of limitations does not start until a state-created impediment to filing the federal habeas application was removed.  Besides circling § 2244(d)(1)(B) on his form petition, Burnett has neither alleged nor pointed to facts that would support an argument that the one-year limitation period should run from some date not dictated by the statute.  Burnett has been aware of the alleged deficiencies of his trial and appellate attorneys since at least May 2016.  Yet he waited almost five years before filing a state habeas application raising those alleged deficiencies.  Burnett does not adequately explain his long delay in pursuing his rights, and equitable tolling does not apply to those who "sleep on their rights."  *Mathis*, 616 F.3d at 474 (quoting *In re Wilson*, 442 F.3d at 875).  Burnett is not entitled to equitable or statutory tolling because his petition was filed too late.  This civil action is dismissed.

### D. Certificate of Appealability

Burnett has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  *See* 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that the procedural ruling in this case is correct. There are no grounds to issue a certificate of appealability.

### III.     Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 12), is granted. Burnett's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice. A certificate of appealability is denied. Final judgment is separately entered.

SIGNED on May 23, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge